[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL
On January 14, 2000, the petitioner filed an amended petition for habeas corpus, which alleges that the "petitioner has been denied effective assistance of counsel in violation of his sixth amendment right under the United States Constitution and Article One, Section Eight, of the Connecticut Constitution, in that his attorney failed to take all of the necessary steps to preserve his client's appellate rights." Am. Pet., at 2. The relief sought by the petitioner is the restoration of his right to appeal from the dismissal of a prior habeas corpus petition filed in Judicial District of New Haven. Id. On May 9, 2002, the respondent warden filed a motion for summary judgment and dismissal, which seeks to dismiss the petition based on the claim in the current petition was "rendered moot as a result of the full hearing granted to the petitioner in CV98-2681." Mot. for Summ. J., at 1.
"A directed verdict may be rendered only where, on the evidence viewedin the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Miller v. United TechnologiesCorp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). "Although the party seeking summary judgment has the burden of showing the nonexistence of material fact, . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such a dispute issue." Maffuci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
The amended petition alleges the following relevant facts, which this CT Page 14751 court must presume as proven for the purpose of the motion for summary judgment. "On July 18, 1994, the petitioner filed a habeas corpus petition, Docket No. CV 94-0363338-S, in the Superior Court for the Judicial District of New Haven [hereinafter "New Haven petition"], and an amended petition on March 14, 1995. On August 10 1994, a motion for the appointment of counsel was granted by the court and Attorney Ronald Stone was appointed. On May 5, 1995, a judgment of dismissal entered after a hearing on the merits before the Hon. Robert Martin. On May 25, 1995, a petition for certification to appeal the judgment of dismissal was filed and subsequently granted by the Hon. Robert Martin. The petitioner was . . . and is indigent. There is no record of an application for waiver of fees and appointment of counsel on appeal ever being filed with the court. The office of the Chief Public Defender, Legal Services Division, has no record of an appeal ever being assigned to any assistant public defender or special public defender on the petitioner's behalf, nor has one ever been filed on behalf of the petitioner. The time period for the filing of the appeal has expired." Am. Pet., at 1-2.
The New Haven petition "was not heard on the merits but was dismissed after the respondent filed a Motion to Quash. Judge Robert A. Martin wrote a Memorandum of Decision, dated May 1, 1995, granting the Respondent's Motion to Quash and dismissing the petition." Mot. for Summ. J., at 2.[1]
This court has reviewed the motion for summary judgment with its accompanying attachments, which were admitted as full exhibits in this matter, among which are copies of the New Haven petition, an amended petition (Docket No. CV 98-0002681-S) filed in Judicial District of Tolland, as well as exhibits and transcripts from the CV98-0002681-S case. Particularly noteworthy is the fact that CV98-0002681-S was litigated before this court, which rendered judgment denying the petition as articulated in a memorandum of decision dated December 20, 2001.
Subsequent to his conviction, the petitioner filed a habeas corpus petition in the Judicial District of New Haven (Docket No. CV 94-0363338-S). The amended petition in that matter raised two claims: that the petitioner's confinement was illegal due to ineffective assistance of counsel arising from a pre-sentence investigation report (PSI) and errors contained therein; and that the errors in the PSI would negatively impact the petitioner if and when he is considered for sentence review, home release or halfway house, treatment programs while confined, parole hearings as well as conditions of parole, "and any other hearings or reviews which involve the exercise of discretion[.]" Resp't Ex. 1.
As previously indicated, judgment of dismissal was entered in the New CT Page 14752 Haven petition after the respondent's motion to quash was granted, after which a petition for certification to appeal the judgment of dismissal was filed and subsequently granted. No appeal was filed on the New Haven petition. The petitioner then filed two habeas corpus petitions in the Judicial District of Tolland, CV 98-0002681-S and CV 98-0002721-S. The petitioner's claim in CV 98-0002681, as articulated in the sole count of the amended petition, was that the "petitioner was denied effective assistance of counsel . . . in that during the sentencing phase of his trial, his sentence was based in part on information contained in a factually erroneous PSI report that was given to the petitioner by his attorney moments before the sentencing hearing, thereby depriving the petitioner of a fair hearing at sentencing as well as a fair sentence." Resp't Ex. 2, at 2.
In its memorandum of decision in CV 98-0002681-S, this court denied the petition in that case because the petitioner had failed to prove that he was prejudiced, or stated differently, that the "petitioner failed to prove that the result in his underlying criminal case was unreliable or that the outcome would have been different had [the sentencing judge] had the corrected errors and mitigating circumstances before him at the time of sentencing." Resp't Ex. 14, at 4-5. A comparison of the two counts in the New Haven petition with the one count in CV 98-0002681-S clearly shows that the latter petition raised the identical claim as did the first count of the New Haven petition. Consequently, though the petitioner was never able to litigate his New Haven petition on its merits, he ultimately was able to have the first count of the New Haven petition addressed by this court in CV 98-0002681-S. The petitioner has filed an appeal from this court's decision in CV 98-0002681-S denying the petition.[2]
Based upon the foregoing, this court finds that to the extent that the current petition (CV 98-0002721) attempts to restore the petitioner's right to appeal the New Haven judgment of dismissal, any relief granted by this court restoring the petitioner's right to appeal the New Haven judgment of dismissal of count one of that petition (CV 94-0363338-S) would be duplicative, wasteful of judicial resources and serve no practical purpose. Furthermore, because the petitioner was able to have the first count of the New Haven petition adjudicated by this court in CV 98-0002681-S, there is no longer any actual controversy as to that claim. In other words, an appeal from dismissal of the claim stated in the first count of the New Haven petition is moot because this court rendered judgment on that very same claim in CV 98-0002681-S, which is now on appeal.
The remaining aspect of the petitioner's claim in the present petition CT Page 14753 seeks to restore his right to appeal the dismissal of the second count of the New Haven petition, said count claiming that the errors in the PSI would negatively impact the petitioner if and when he is considered for home release or halfway house, treatment programs while confined, parole hearings as well as conditions of parole, and any other hearings or reviews which involve the exercise of discretion. Judge Martin dismissed the New Haven petition because the petitioner's claims were not ripe at that time, the petitioner not having gone to parole and there being no proof that the petitioner had been denied any programs as a result of the errors in the PSI. Tr. (Aug. 15, 2002), at 10-11. At the hearing on the motion for summary judgment and dismissal, however, counsel for the petitioner indicated that the petitioner had been denied parole, though no reasons were given by the Parole Board for the denial. Id., at 13.
Counsel for the petitioner admitted that "[a]t this point in time, the claim inarguably would be moot because [the petitioner] has gone before the parole board, and he's been denied parole, but I would suggest to the Court that if his appellate rights [had] been restored, he could make an argument on appeal at this point in time that his appellate rights . . . should be restored, [and] the Court should remand the case back to New Haven and restore the 1994 habeas to the docket, and at that point in time . . . it would be incumbent upon [the petitioner] to prove to the habeas court that he was denied parole in the year 2000, and the reason he was denied parole in the year 2000 was because of an erroneous PSI."Id., at 14.
To raise a cognizable claim of illegal detention, a habeas corpus "petitioner would, at the very least, have to have some constitutional or statutorily created liberty interest[.]" Vincenzo v. Warden,26 Conn. App. 132, 599 A.2d 31 (1991). Connecticut's parole statute, General Statutes § 54-125, "contains no language providing that an inmate shall be released if the two statutory criteria are met. It vests broad discretion in the judgment of the parole board. The statute does not give an inmate any right to demand or even apply for parole. It does not require that a parole board actually consider any inmate's eligibility for parole, even if he has fulfilled the statute's two requirements." (Emphasis in original.) (Internal quotation marks omitted.) Id., at 141. "Unless a liberty interest in parole exists, the procedures followed in the parole determination are not required to comport with standards of fundamental fairness." Id., at 144. TheVincenzo court also noted that "it is clear that an inmate has no liberty interest in or right to parole release[.]" Id., at 143.
Any release to parole, home release or halfway house, treatment programs and other hearings or reviews which involve the exercise of CT Page 14754 discretion, would be entirely at the discretion of either the Board of Parole or the Commissioner of Correction. A direct consequence of the broad discretion vested in the judgments of the Board of Parole and the Commissioner of Correction regarding release to parole or placement in programs is that there is no liberty interest in release to parole and placement in programs. Id.; Wheway v. Warden, 215 Conn. 418, 432,576 A.2d 494 (1990) (no legitimate statutory or constitutional entitlement where prison authorities have full discretion to grant or deny the early release programs); Asherman v. Meachum, 213 Conn. 38, 49,566 A.2d 663 (1989) (no constitutionally derived liberty interest when department of correction reincarcerates inmate in halfway house or conditionally assigned to educational release or work release programs). Particularly noteworthy also is the Supreme Court holding that Practice Book" § 910 [now 43-3] does not create a protected liberty interest in a PSI." State v. Patterson, 236 Conn. 561, 581, 674 A.2d 416 (1996). Based on the foregoing, this court finds that the second count of the New Haven petition does not allege a cognizable habeas corpus claim.
When the petitioner's claims and evidence are viewed in the light most favorable to the petitioner, no other conclusion can reasonably be reached than that the claims in the present petition are either moot or fail to state a cognizable habeas corpus claim. The respondent has shown the nonexistence of material fact, while the petitioner has failed to show that there is a genuine issue of material fact. Accordingly, the motion for summary judgment is granted. The petition for habeas corpus is dismissed.
 ____________________________ BARRY, JUDGE TRIAL REFEREE